TORRES ET AL., PETITIONERS AND APPELLEES, *v.* MATTEI ET AL., CONTESTANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in Proceedings for Authorization of Court.

No. 2476.—Decided April 10, 1922.

AUTHORIZATION OF COURT—CONVEYANCE—PROPERTY OF MINORS—APPEAL.—An order authorizing the petitioners to make application according to law for authorization of the court to ratify conveyances previously made on the ground of utility and necessity is not a judgment, although it may be so styled, for it does not settle the rights of the parties, and, therefore, is not appealable.

The facts are stated in the opinion.

*Mr. D. Sepúlveda* for the appellants.

*Mr. C. del Toro Fernández* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José C. Torres, as partitioner of the estate left by Miguel Lartigaut Puchen, deceased, and Armando Mignucci, as the general attorney in fact of Ana Minucci, the widow of Lartigaut, and of her children Miguel, Ana and Sofía Lartigaut Minucci, presented a petition to the District Court of Ponce in which they substantially alleged the following:

That Miguel Lartigaut Puchen died testate in Yauco in

1907. He was married to Ana Minucci who during their wedlock bore seven children named Miguel, Ana, Sofía, Micaela, Juana, Julia and María. He was survived by his wife and their children Miguel, Ana, Sofía and Micaela. The other three children had died. Juana left two children named María and Juan Pietri, Julia left two children named Julia and Ana Rodríguez and María left five children named Ana, Mariana, Juan, Isabel and Rosa Mattei.

That the estate was partitioned in 1908. There were outstanding debts, some of them acknowledged by the testator and others by his heirs, and for their payment various personal and real properties of the estate were transferred and conveyed to Miguel Lartigaut Minucci, one of the heirs. Some of the heirs were minors and no authorization of court was obtained for the said conveyance of the real property. Notwithstanding that fact, the partition was approved by the District Court of Ponce on November 30, 1908.

That Miguel Lartigaut Minucci sold a condominium in one of the real properties conveyed to him to Armando Mignucci Calder who in 1918 brought an action against Ana Mattei and others for a division of the property. The defendants demurred to the complaint on the ground that the plaintiff had no cause of action because the conveyance to his grantor of the condominium sold to him was null and void and that although there were minor heirs, the necessary authorization of court had not been sought. The case was disposed of by a final judgment on the pleadings in favor of the defendants.

That Miguel Lartigaut Minucci not only sold the said condominium on the assumption that the partition was valid, but also paid the debts, sold others of the properties conveyed to him and created a mortgage on one which he retained. All of these transactions and also others made by several of the remaining heirs were recorded in the registry.

That based on these allegations they prayed the court as follows:

"That in furtherance of justice and adopting an equitable proceeding to validate the titles·conveyed and the records made in favor of the grantees in the said partition and their successors, the court call together all of the interested parties for the purpose of hearing them personally or by their agents or attorneys and finally making an order permitting the petitioners to establish in proper form the necessity and utility of the conveyances made for the payment of debts in the manner and form suggested by the testamentary parti·tioner in his report, and if this should be established to the satisfaction of the court, that the court authorize the said conveyances and at the same time ratify the judgment of November 30, 1908, in all of its parts, inasmuch as all other questions independent of the one here raised were heard and disposed of by this court and have become *res judicata.*"

The petition was opposed by Rosa and Isabel Mattei Lartigaut, minors represented by their father, Andrés Mattei, on the basis of the judgment entered in the case to which we have referred.

Evidence was examined, the district attorney expressed his approval and finally the court authorized the petitioners "to present in accordance with law a petition for authorization of the court on the grounds of utility and necessity to make the conveyances for the payment of debts to which this case refers." The action of the court was called a judgment and the opposers appealed from it to this court.

The question involved is interesting and worthy of care·ful study, but we are not in a position to give it consideration. The district court decided nothing material. It simply authorized the presentation of the petition. Its order was not a final judgment from which an appeal could be taken. It did not finally settle the rights of the parties. It did not even anticipate the final decision. Not only could the court, after hearing the evidence, refuse to grant the authorization, but it could dismiss the proceedings as inap-

propriate.   The form of procedure is unusual.   As a general
rule the court is not previously requested to sanction the
procedure to be followed, but the petitioning party elects
his course and assumes the risk of his election, leaving it
to the other party to raise such questions as he may deem
pertinent or to the court to bring them out and decide them
*motu proprio.*

A judgment is a final determination of the rights of the
parties in an action or proceeding.   Section 188 of the Code
of Civil Procedure.

The following is from Ruling Case Law:

"A judgment is the law's last word in a judicial controversy.   It
may therefore be defined as the final consideration and determination
of a court of competent jurisdiction upon the matters submitted to
it, in an action or proceeding.   A more precise definition is that a
judgment is the conclusion of the law upon the matters contained in
the record, or the application of the law to the pleadings and to the
facts, as found by the court or admitted by the parties, or deemed
to exist upon their default in a course of judicial proceedings.   It
should be noted that that only is a judgment which is pronounced
between the parties to an action upon the matters submitted to the
court for decision."   15 R. C. L., 569, 570.

Even considering the decision as an interlocutory order
or judgment, it is not appealable, because it is not included
among the interlocutory orders and judgments to which sub-
division 3 of section 295 of the Code of Civil Procedure refers.
See also the case of *Díaz et al.* v. *Cividanes,* 29 P. R. R. 541.

By virtue of the foregoing, we are of the opinion that the
appeal should be dismissed, the parties and the court being,
of course, free to proceed according to law.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.